**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RALPH SMITH**                                                   **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 2:16-CV-147-KS-MTP**

**BONITA SMITH; MIKE MOZINGO;
JANE HUTTO; ANCE KING;
WAYNE GENERAL HOSPITAL;
ADELINE TURNER; MONICA DOHERTY;
AND JANE DOES 1-5**                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") [8] filed by Defendant Wayne General Hospital, the Motion for Judgment on the Pleadings ("Motion for Judgment") [11] filed by Defendant Jane Hutto, and the Motion for Leave to Amend ("Motion to Amend") [20] and Motion to Withdraw [21] filed by Plaintiff Ralph Smith. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

    1.     the Motion to Amend [20] is well taken and should be granted;

    2.     the Motion to Withdraw [21] is well taken and should be granted;

    3.     the Motion to Dismiss [8] should be denied as moot; and

    4.     the Motion for Judgment [11] should be deferred.

**I. BACKGROUND**

This matter is centered around the 2015 justice court judge election in Wayne County, Mississippi. Plaintiff Ralph Smith ("Plaintiff") defeated the incumbent, Jane Hutto ("Hutto"), in the primary election in August 2015. (*See* Amended Complaint [20-1] at ¶ 11.) Prior to the general election, Plaintiff visited the home of Mike Mozingo ("Mozingo"), who allegedly attacked and

assaulted him, leading him to seek medical treatment at Wayne General Hospital (the "Hospital"). (*See id.* at ¶¶ 12-17.)  During his visit to the Hospital's emergency room, his injuries were photographed by Monica Doherty ("Doherty") and/or Adaline Turner ("Turner"), who then disseminated these photographs through social media. (*See id.* at ¶ 20.)  Plaintiff alleges that these photographs were circulated throughout Wayne County by Doherty and/or Turner, as well as Bonita Smith ("Smith") and Ance King ("King"), in order to interfere with the justice court judge election. (*See id.* at ¶¶ 24-28.)  It is Plaintiff's belief that the circulation of these photographs led to his loss in the general election. (*See id.* at ¶ 29.)

Plaintiff filed this action on September 22, 2016, against Smith, Mozingo, Hutto, King, the Hospital, Turner, and Doherty.  On November 21, 2016, the Hospital filed its Motion to Dismiss [8], and on November 28, 2016, Hutto filed her Motion for Judgment [11].  Plaintiff filed his first Motion to Amend [14] on November 29, 2016.  He then filed his Motion to Stay Proceedings on December 6, 2016.  On December 7, 2016, he filed his Motion to Withdraw [21] these two previous motions and filed his second Motion to Amend [20].  Plaintiff filed his Response [24] to the Motion for Judgment [11] on December 16, 2016, and Hutto filed her Reply [26] on December 22, 2016.

In the Amended Complaint [20-1], Plaintiff brings federal claims under 42 U.S.C. §§ 1985 and 1986 against Smith, Mozingo, Hutto, King, Turner, and Doherty, as well as various state law claims against all defendants.

## II.  MOTION TO AMEND [20]

Because no response was filed opposing Plaintiff's Motion to Amend [20], the Court will **grant** it as unopposed pursuant to Local Uniform Civil Rule 7(b)(3)(E), and Defendants' Motion to Dismiss [8] and Motion for Judgment [14] will be analyzed using the Amended Complaint [20-1].

Furthermore, Plaintiff's Motion to Withdraw [21], which requests that his previous Motion to Amend [14] and Motion to Stay Proceedings [18] be withdrawn, shall also be **granted**.

### III.  MOTION TO DISMISS [8]

In its Motion to Dismiss [8], the Hospital only argues that the Court has no jurisdiction because the federal claims against them fail.  However, Plaintiff has amended his complaint, and there are no longer any federal claims pending against the Hospital.  Therefore, the Motion to Dismiss [8] will be **denied as moot**.

### IV.  MOTION FOR JUDGMENT [14]

#### A.   Standard of Review

Hutto's Motion for Judgment [14] is brought under Federal Rule of Civil Procedure 12(c). "The same standard of dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 38 F.3d 503, 529 (5th Cir. 2004).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans*

*Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## B. Federal Claims

Plaintiff alleges that Hutto has violated 42 U.S.C. §§ 1985 and 1986 by conspiring to interfere with his civil right to run for justice court judge of Wayne County.[1] Because "the existence of a Section 1985 conspiracy is an element of [a] Section 1986 claim," the viability of Plaintiff's § 1986 claim depends on his § 1985 claim. *See Vanderburg v. Harrison Cnty., Miss. ex rel. Bd. of Supervisors*, 716 F.Supp.2d 482, 493 (S.D. Miss. 2010).

Plaintiff argues that his claim is brought under 42 U.S.C. § 1985(3). (*See* Response [24] at pp. 3-5.) "In order to assert a claim under § 1985(3), a plaintiff must allege some class-based animus." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994). Plaintiff asserts that he is a "class of one" because Hutto and the other individual defendants "intentionally treated him differently from others similarly situated who were running for office and/or treated for assault at the hospital, and there is and was no rational basis for the difference in treatment." (Amended Complaint [20-1] at ¶ 36.)

"Typically, a class of one involves a discrete group of people, who do not themselves qualify as a suspect class, alleging the government has singled them out for differential treatment absent a rational reason." *Wood v. Collier*, 836 F.3d 534, 541 (5th Cir. 2016). These types of claims are "an application of the principle that the seemingly arbitrary classification of a group or individual by a governmental unit requires a rational basis." *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 587 (5th Cir. 2016) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603, 128 S. Ct.

---

[1] Plaintiff also references 18 U.S.C. § 241 in his Amended Complaint [20-1], but specifically states that no separate cause of relief is sought under this statute.

2146, 170 L.Ed.2d 975 (2008)) (alterations and internal quotations omitted).  As Hutto points out, a "class of one" claim requires the claim to be against a governmental unit, or at least an agent acting on behalf of such a unit.  The Court knows of no case where "class of one" claims have been allowed to go forward against non-government entities.  Furthermore, the rationale behind these types of claims does not support an application against non-government entities.  Because Hutto is not alleged to have been acting as a government agent, the Court is inclined to grant her Motion for Judgment [11] with respect to the federal law claims against her.

The Court recognizes that Plaintiff never received an opportunity to address this issue with his "class of one" claim.  Because Plaintiff did not assert his "class of one" claim in his Amended Complaint [20-1] until after the Motion for Judgment [11] was filed, Hutto was not able to address this claim until she filed her Reply [26], after which all briefing on this motion was complete.  Ordinarily, arguments presented for the first time in a reply brief are not properly before the Court. *See McWilliams v. Advanced Recovery Sys., Inc.*, 108 F.Supp.3d 456, 462 n.2 (S.D. Miss 2015) (citing *Wallace v. Cnty. of Comal*, 400 F.3d 284, 292 (5th Cir. 2005)).  However, because of the intervening Motion to Amend [20], the Court finds that consideration of this argument is proper, but that, in the interest of justice, Plaintiff should be given a fair opportunity to respond.  Plaintiff is therefore given **three weeks** from the date of this order to file a sur-response to the Motion for Judgment [11], and a ruling shall be **deferred** until such time.  If Plaintiff fails to adequately show that a "class of one" claim can be brought against a non-governmental entity, his claims under §§ 1985 and 1986 shall be dismissed with prejudice.  If the Court finds that Plaintiff can state a claim under §§ 1985 and 1986, it will analyze the remaining arguments in Hutto's Motion for Judgment [11].

    **C.**    **Other Pending Claims**

The pending federal claims against the remaining defendants in this case are identical to the ones pending against Hutto. In the event that the Court finds that the Motion for Judgment [11] is well taken with respect to the federal claims against Hutto, it is likely that the remaining federal claims fail as well. Plaintiff should therefore show cause in his sur-response why, if his federal claims against Hutto are dismissed, the remaining federal claims should not be dismissed as well.

Because the Court's jurisdiction over the pending state law claims is under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, if the federal claims are all dismissed, the Court finds that it would be appropriate to dismiss the remaining state law claims without prejudice. The Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petro. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). "[W]hen the single federal-law claim is eliminated at an early stage of litigation, the district court has a powerful reason to choose not to continue to exercise jurisdiction."[2] *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988)) (internal quotations omitted). Therefore, Plaintiff should also address in his sur-response why, if all federal claims are dismissed, the Court should retain jurisdiction over the remaining state law claims.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [20] is **granted**.

---

[2] Though there are technically two federal claims in this case, because the § 1986 claim is dependent on the § 1985 claim, the Court finds that a similar "powerful reason" exists in this case.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Withdraw is **granted**. Plaintiff's Motion to Amend [14] and Motion to Stay Proceedings [18] are **withdrawn**.

IT IS FURTHER ORDERED AND ADJUDGED that the Hospital's Motion to Dismiss [8] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Hutto's Motion for Judgment [11] is **deferred**. Plaintiff is given **three weeks** from the date of this order to file a sur-reply addressing why his federal claims against Hutto should not be dismissed with prejudice, why, if the federal claims against Hutto are dismissed, the remaining federal claims should not be dismissed with prejudice as well, and why, if all federal claims are dismissed, the Court should retain subject matter jurisdiction over the remaining state law claims.

SO ORDERED AND ADJUDGED, on this, the   3rd   day of January, 2017.

                                                  s/Keith Starrett
                                                  UNITED STATES DISTRICT JUDGE